UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYES LUNA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Cause No. C20-1152RSL

ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS

This matter comes before the Court on defendant's "Motion to Transfer Venue and Partial Motion to Dismiss." Dkt. # 5. Plaintiff filed this action under the Federal Tort Claims Act ("FTCA") for damages arising out of his arrest, detention, and deportation at the U.S.-Mexico border in southern Texas. The government seeks to have the case transferred to the Southern District of Texas or, in the alternative, to have plaintiff's abuse of process and negligence claims dismissed.

**A. Improper Venue**

In an FTCA action, venue is proper only "in the judicial district where plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The issue in this case is where does plaintiff, a citizen of Mexico who was paroled into the United States while

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 1

awaiting a determination on his requests for withholding of removal and protection under the Convention Against Torture Act,[1] "reside" for purposes of the venue statute. The statutory definition of residence states that "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Plaintiff resides with his family in Bellingham, Washington.[2] He argues that, because he is a natural person domiciled in Western Washington, venue is proper here.

Plaintiff's analysis ignores the 2011 amendment to the venue statute which inserted the clause, "including an alien lawfully admitted for permanent residence in the United States." In the absence of that clause, courts had long held that non-citizens are not residents of any district of the United States for purposes of venue, regardless where they might live. *See Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894); *Arevalo-Franco v. INS*, 889 F.2d 589, 590 (5th Cir. 1990); *Williams v. U.S.*, 704 F.2d 1222, 1225 (11th Cir. 1983); *Li v. Chertoff*, No. C08-3540-MMC, 2008 WL 4962992, at *2 (N.D. Cal. Nov. 19, 2008). Not all courts imposed a blanket exclusion from residency for non-citizens, however, giving rise to ad hoc exceptions. *See, e.g., Castellon-Contreras v. INS*, 45 F.3d 149 (7th Cir. 1995). In 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act ("Act"), Pub. L. 112–63, 125 Stat. 758 (Dec. 7, 2011), specifying a subset of aliens whose domicile gives rise to residency for venue

---

[1] At some point following his removal from the United States in 2002, plaintiff unlawfully reentered the country. When plaintiff was again detained in December 2014, he expressed a fear of returning to Mexico and is pursing withholding of removal proceedings.

[2] For purposes of this motion, the government assumes the truthfulness of plaintiff's allegations.

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 2

purposes, namely those who had been lawfully admitted for permanent residence in the United States. 125 Stat. at 763.

"[W]e presume legislatures act with case law in mind." *Abuelhawa v. U.S.*, 556 U.S. 816, 821 (2009). Indeed, the legislative history shows that Congress was aware not only that then-current law generally precluded non-citizens from identifying a residence in the United States, but that the contemplated "clarification" of 28 U.S.C. § 1391(c)(1) would have the effect of permitting "permanent resident aliens domiciled in the United States to raise a venue defense." H.R. REP. 112-10, 23, 2011 U.S.C.C.A.N. 576, 580 (Feb. 11, 2011). The expansion did not, however, apply to all non-citizens:

> An alien can obtain a "lawful domicile" in the United States only if he or she has the ability under the immigration laws to form the intent to remain in this country indefinitely. *See Castellon-Contreras v. INS*, 45 F.3d 149 (7th Cir. 1995); *Madrid-Tavarez v. INS*, 999 F.2d 111 (5th Cir. 1993). Such an interpretation of domicile under the venue statute as including lawful intent to remain would foreclose the possibility that an undocumented alien would be regarded as a domiciliary of the United States for venue purposes.

*Id.* at 580, n.16.

Against this evidence of legislative intent, plaintiff argues that it should not be considered because 28 U.S.C. § 1391(c)(1) is unambiguous on its face, citing *Alvarado v. U.S.*, No. C16-5028, 2017 WL 2303758, at *2 (D.N.J. May 25, 2017), and *Flores v. U.S.*, 108 F. Supp.3d 126, 131 (E.D.N.Y. 2015). The Court disagrees. Even a casual, uninformed reading of the subsection raises the question, "is the pointed reference to a 'lawfully admitted' alien merely an example of a 'natural person' or does it impose a lawfulness requirement?" When read in light of the preceding jurisprudence which generally excluded all aliens from establishing a residence in

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 3

the United States, a strong suspicion arises that Congress used the "including" clause to make clear that aliens "lawfully admitted for permanent residence in the United States" could establish a domicile for venue purposes while others could not. The suspicion is confirmed by the legislative history.

Plaintiff further argues that the 2011 amendment to 28 U.S.C. § 1391(c) did not simply permit those with legal permanent residence ("LPR") status to establish venue, but also those who have the "ability, under the immigration laws, to form the intent to remain in the United States indefinitely." *Castellon-Contreras*, 45 F.3d at 153-54. The Court agrees. The 2011 amendment did not specify LPR status, per se, as the minimum requirement for establishing venue, but rather required "lawful admission for permanent residence." The legislative history supports an interpretation of § 1391(c)(1) that allows an alien who (i) has been lawfully admitted to the United States and (ii) has formed an intent, consistent with the immigration laws, to remain in the United States indefinitely to establish residency. H.R. REP. 112-10, 23, 2011 U.S.C.C.A.N. at 580, n.16.

It is undisputed that plaintiff was lawfully admitted into the United States so that his requests for withholding of removal and protection under the Convention Against Torture Act can be heard. There is no indication that his requests for relief were in any way inconsistent with or unauthorized by the immigration laws of this country, and they serve as "an objective and official manifestation of his intent to reside permanently in the United States." *Nwozuzu v. Holder*, 726 F.3d 323, 334 (2nd Cir. 2013) (evaluating the phrase "begins to reside permanently" in the context of the requirements for derivative citizenship). The government has not offered any evidence suggesting that plaintiff does not intend to remain in the United States indefinitely

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 4

if his requests for relief are granted. Having carefully considered the submissions of the parties and having heard the arguments of counsel, the Court finds that a non-citizen who is lawfully present in the United States and has taken steps under the immigration laws that objectively manifest an intent to make permanent his residence here can claim residence for purposes of the venue statute. Venue in this district is therefore proper under 28 U.S.C. § 1402(b).

**B. Transfer Under 28 U.S.C. § 1404(a)**

In considering a motion to transfer under 28 U.S.C. § 1404(a), the Court makes an individualized, case-by-case determination of convenience and fairness. The burden is on the party seeking transfer to show that the balance of convenience clearly favors transfer. *Lax v. Toyota Motor Corp.*, 65 F. Supp.3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). The Ninth Circuit has identified a number of factors that inform the analysis, including "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, ... (8) the ease of access to sources of proof[, (9) the existence of a forum selection clause, and (10) any relevant public policy of the forum state]." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Regardless whether the relevant factors are tallied up (in which case the scale is fairly balanced) or whether a more global determination of convenience and fairness is made, transfer is not appropriate under § 1404(a). In a litigation between a resident of Washington and the U.S. government

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 5

where the evidence shows that the financial, logistical, and health challenges associated with a transfer would likely make it impossible for plaintiff to pursue his claims, the government has not met its burden of showing that "the balance of convenience clearly favors transfer." *Lax*, 65 F. Supp.3d at 776.

**C. Motion to Dismiss**

The United States seeks dismissal of plaintiff's state law claims of abuse of process and negligence under Federal Rule of Civil Procedure 12(b)(6). The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 6

**1. Abuse of Process**

A claim for abuse of process under Texas law requires (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act. *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App. 2008). "The critical aspect of this tort is the improper use of the process after it has been issued." *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 133 (Tex. App. 1997), The "process" at issue is the papers used to compel a defendant to appear and respond to claims, such as a summons and complaint, a writ of garnishment, or an administrative charge (*see generally, RRR Farms*, 957 S.W.2d at 133-34; *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex. App. 1978)), and the "process must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he would not otherwise be compelled to do" (*Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 379 (Tex. App. 1989)). "In other words, abuse of process applies to a situation where a properly issued service of process is later used for a purpose for which it was not intended." *Martinez v. English*, 267 S.W.3d 521, 528-29 (Tex. App. 2008).

Plaintiff has not alleged that he was served with process of any sort or that defendant subsequently and improperly used plaintiff's compelled appearance to achieve a purpose not contemplated by the process. He has not, therefore alleged facts from which a plausible inference of liability for abuse of process arises.[3]

---

[3] To the extent that plaintiff is asserting that the process defendant abused is the voluntary removal procedures, the claim does not satisfy the elements of an abuse of process claim under Texas

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 7

### 2. Negligence

"Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish." *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 94 (Tex. App. 1998). *See also Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993) ("[T]here is no general duty not to negligently inflict emotional distress."). "It has been established for over a century that a person who is placed in peril by the negligence of another, but who escapes without injury, may not recover damages simply because he has been placed in a perilous position. Nor is mere fright the subject of damages." *City of Tyler v. Likes*, 962 S.W.2d 489, 500 (Tex. 1997) (internal quotation marks and citation omitted). A claim based on an assertion of ordinary negligence is generally cognizable only upon a showing of serious bodily injury, at which point attendant mental anguish may be recoverable elements of damage. *Verinakis*, 987 S.W.2d at 94.

Plaintiff has not alleged serious bodily injury resulting from defendant's alleged failure to exercise reasonable care. Nevertheless, there are few situations in which a claimant who is not physically injured by the defendant's negligent lack of care may recover mental anguish damages. Plaintiff argues that recovery may be had in this case because the emotional distress was the foreseeable result of a breach of duty arising out of a special relationship. *Likes*, 962 S.W.2d at 496. Plaintiff alleges that he was in defendant's custody and argues that the custodial relationship, in and of itself, gives rise to a duty the breach of which creates a claim for emotional distress damages. Plaintiff has not identified any cases applying Texas law that

---

law, as discussed in the text. The Court declines to determine whether the government's exercise of removal authority is sufficiently analogous to general law enforcement activities to support a claim under the FTCA. *Compare Lopez-Flores v. Ibarra*, C17-0105, 2018 WL 6577955, at *4 (S.D. Tex. Mar. 13, 2018), *with Munyua v. U.S.*, C03-4538EDL, 2005 WL 43960, at *3 (N.D. Cal. Jan. 10, 2005).

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 8

supports this argument, however, and the state Supreme Court has "made it clear . . . that most relationships, whether legal or personal, create no duty to avoid causing mental anguish." *Id.* Absent an allegation of intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties, a negligence claim cannot lie where the only injury is mental anguish.

For all of the foregoing reasons, defendant's motion to transfer this matter to the Southern District of Texas is DENIED and its motion to dismiss plaintiff's abuse of process and negligence claims is GRANTED.

Dated this 22nd day of February, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
TRANSFER VENUE AND GRANTING
MOTION TO DISMISS - 9